PITTMAN, Judge,
dissenting.
Because I believe that the circuit court properly entered a summary judgment in favor of the City of Mobile as to the claims asserted by Dickson Campers, I respectfully dissent.
Pursuant to Ala.Code 1975, § 11-51-91, the City adopted a business-license tax and assessed businesses in the police jurisdiction one-half the amount charged to businesses within the City’s municipal limits. Dickson Campers filed an action alleging that the City’s decision to levy the tax in the police jurisdiction was not authorized because, Dickson Campers claimed, the City had failed to properly follow the enabling statute. Section 11-51-91 authorizes a municipality to collect license taxes from businesses located within its police jurisdiction to help defray the costs of providing municipal services in the police jurisdiction so long as those taxes are not designed to generate revenue for the municipality.
Our Supreme Court, in deciding State Department of Revenue v. Reynolds Metals Co., 541 So.2d 524 (Ala.1988), established the standard by which a municipality may properly levy a business-license tax within its police jurisdiction. “A municipality must estimate the amount reasonably necessary to provide for the protection of the ... businesses and residents, and for the maintenance of good order ... within its entire police jurisdiction.” Reynolds Metals, 541 So.2d at 532. The municipality may then adopt a license fee or gross-receipts tax for businesses within its police jurisdiction “so that the total receipts from all such licenses do not exceed the amounts estimated to be reasonably necessary” to provide municipal services in the police jurisdiction. 541 So.2d at 532 (emphasis added). By statute, any license fee or tax so levied shall not be more than one-half the amount charged within the city limits. See § 11-51-91. Such taxing ordinances shall be presumed reasonable, and the burden shall be upon the business challenging the fee or tax to prove that it is unreasonable or that the ordinance creating the fee or tax was illegally adopted or violates the state or federal constitution. 541 So.2d at 532.
Like the main opinion, I read Reynolds Metals to require only an initial estimate before adopting a license fee or gross-receipts tax that applies to businesses in a police jurisdiction. However, I do not believe that Dickson Campers adduced substantial evidence indicating that the City’s business-license tax was unreasonable or that the taxing ordinance was illegally adopted or violated the Alabama or United States constitutions. The evidence tended to show only that the City had increased its spending in the police jurisdiction based upon estimates of increasing growth and resulting service needs in that unincorporated area outside the City. The City presented deposition testimony from its officials and from expert witnesses who opined that based upon a 1991 state audit of the City’s finances, the City had undertaken an accurate assessment of the cost of providing those municipal services it provided in 1991 together with a total *150 amount of income generated by levying a business-license tax upon those businesses located in the police jurisdiction. Simply because the City continued to budget expenditures as to the police jurisdiction based upon financial estimates, rather than by extricating exact figures from the previous year’s annual budget in order to guarantee that the City did not receive more in taxes and fees from the police jurisdiction than was expended within the police jurisdiction in any given year, does not by itself make the City’s taxing ordinance unreasonable in its adoption or in its enforcement.
The circuit court entered a summary judgment in favor of the City on the basis that the City’s adoption and enforcement of that business-license tax was valid under Alabama law. Because Dickson Campers did not adduce substantial evidence to rebut the City of Mobile’s contention that the business-license tax was validly adopted and enforced, I would affirm the circuit court’s summary judgment in favor of the City of Mobile.[5]

. Because I would affirm the circuit court's summary judgment, I would pretermit discussion of Dickson Campers' issue regarding the partial denial of class certification.